**Rule 803.  Exceptions to the Rule Against Hearsay - Regardless of Whether the Declarant Is Available as a Witness**

The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness:

**Rule 803(1).  Present Sense Impression**

**(1)** **Present Sense Impression.**  A statement describing or explaining an event or condition, made while or immediately after the declarant perceived it.  **When the declarant is unidentified, the proponent shall show by independent corroborating evidence that the declarant actually perceived the event or condition.**

**Comment**

This rule **[is identical to] differs from** F.R.E. 803(1) **insofar as it requires independent corroborating evidence when the declarant is unidentified**.  *See Commonwealth v. Hood*, **872 A.2d 175 (Pa. Super. 2005).**

For this exception to apply, declarant need not be excited or otherwise emotionally affected by the event or condition perceived.  The trustworthiness of the statement arises from its timing.  The requirement of contemporaneousness, or near contemporaneousness, reduces the chance of premeditated prevarication or loss of memory.

**Rule 803(2).  Excited Utterance**

**(2)** **Excited Utterance.**  A statement relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused.  **When the declarant is unidentified, the proponent shall show by independent corroborating evidence that the declarant actually perceived the startling event or condition.**

**Comment**

This rule **[is identical to] differs from** F.R.E. 803(2) **insofar as it requires independent corroborating evidence when the declarant is unidentified**.  *See Commonwealth v. Upshur*, **764 A.2d 69 (Pa. Super. 2000).**

This exception has a more narrow base than the exception for a present sense impression, because it requires an event or condition that is *startling.*  However, it is

broader in scope because an excited utterance (1) need not describe or explain the startling event or condition; it need only *relate* to it, and (2) need not be made contemporaneously with, or immediately after, the startling event.  It is sufficient if the stress of excitement created by the startling event or condition persists as a substantial factor in provoking the utterance.

There is no set time interval following a startling event or condition after which an utterance relating to it will be ineligible for exception to the hearsay rule as an excited utterance.  In *Commonwealth v. Gore*, **[262 Pa. Super. 540, 547,]** 396 A.2d 1302, 1305 (**Pa. Super.** 1978), the court explained:

> The declaration need not be strictly contemporaneous with the existing cause, nor is there a definite and fixed time limit....  Rather, each case must be judged on its own facts, and a lapse of time of several hours has not negated the characterization of a statement as an "excited utterance." ... The crucial question, regardless of the time lapse, is whether, at the time the statement is made, the nervous excitement continues to dominate while the reflective processes remain in abeyance.

\*        \*        \*

Note:  Adopted May 8, 1998, effective October 1, 1998; Comment revised March 23, 1999, effective immediately; Comment revised March 10, 2000, effective immediately; Comment revised May 16, 2001, effective July 1, 2001; amended November 2, 2001, effective January 1, 2002; rescinded and replaced January 17, 2013, effective March 18, 2013; amended November 9, 2016, effective January 1, 2017**; amended October 25, 2018, effective December 1, 2018**.

Committee Explanatory Reports:

Final Report explaining the March 23, 1999 technical revisions to the Comment for paragraph 25 published with the Court's Order at 29 Pa.B. 1714 (April 3, 1999). Final Report explaining the March 10, 2000 revision of the Comment for paragraph 25 published with the Court's Order at 30 Pa.B. 1641 (March 25, 2000).  Final Report explaining the May 16, 2001 revision of the Comment for paragraph 18 published with the Court's Order at 31 Pa.B. 2789 (June 2, 2001).  Final Report explaining the November 2, 2001 amendments to paragraph 6 published with the Court's Order at 31 Pa.B. 6384 (November 24, 2001).  Final Report explaining the January 17, 2013 rescission and replacement published with the Court's Order at 43 Pa.B. 620 (February 2, 2013).  Final Report explaining the November 9, 2016 amendments to paragraph 6, 8, 10, and revision of the Comment for paragraph 7 and 9 published with the Court's Order at **46** Pa.B. **7436** (**November 26**, 2016).  **Final Report explaining the October**

**24, 2018 amendments to paragraph 1 and 2 published with the Court's Order at 48 Pa.B. \_\_\_ (_____, 2018).**